# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS CAMPBELL THOMSON; JOHN ANTHONY HELLIWELL; and ROBERT LAYNE SIEBENBERG,<br><br>Plaintiff(s),<br><br>v.<br><br>CHARLES ROGER POMFRET HODGSON, a/k/a ROGER HODGSON; DELICATE MUSIC, a California general partnership,<br><br>Defendant(s). | Case No. 2:21-CV-08124-AB-MRWx<br><br>~~PROPOSED~~ **FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>Trial Date: February 20, 2024 at 8:30 a.m.<br><br>Final Pre-Trial Conference:<br>        February 2, 2024 at 11:00 am.<br><br>Judge: Hon. André Birotte Jr. |

**TABLE OF CONTENTS**

1. THE PARTIES AND PLEADINGS ........................................................... 3

2. JURISDICTION .......................................................................................... 6

3. TRIAL DURATION ................................................................................... 6

4. JURY TRIAL .............................................................................................. 6

5. ADMITTED FACTS ................................................................................... 7

6. STIPULATED FACTS ............................................................................... 7

7. CLAIMS TO BE PRESENTED AT TRIAL ............................................. 7

8. REMAINING TRIABLE ISSUES ............................................................ 12

9. DISCOVERY ............................................................................................ 12

10. DISCLOSURES AND EXHIBIT LIST ..................................................... 12

11. WITNESS LISTS ...................................................................................... 13

12. MOTIONS IN LIMINE ............................................................................. 13

13. BIFURCATION ........................................................................................ 14

14. ADMISSIONS ........................................................................................... 14

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## 1. THE PARTIES AND PLEADINGS

Plaintiffs' First Amended Complaint ("FAC") asserts California state-law claims against Defendants Roger Hodgson ("Hodgson"), Richard Davies ("Davies") and Delicate Music ("Delicate") for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) conversion; (4) open book accounting; (5) money had and received; and (6) declaratory relief. (Dkt. No. 39.)

Davies filed a Cross-Complaint against Plaintiffs asserting claims for: (1) quasi-contract/restitution; (2) money had and received; and (3) declaratory relief. (Dkt. No. 1-4.) Plaintiffs and Davies settled their dispute, and Plaintiffs' claims against Davies, and Davies' Cross-Complaint against Plaintiffs, have been dismissed. (Dkt. No. 86.)

To the extent there remain any Doe Defendants as a result of the initial state court filing in this matter (Dkt. No. 1-1), the Court hereby dismisses them as well.

Hodgson's Answer to the FAC asserts the following affirmative defenses (Dkt. No. 59): Affirmative Defense Nos. 1 (failure to state a claim upon which relief can be granted); 4 (mistake of law or fact); 5 (implied covenant of good faith and fair dealing is duplicative of breach of contract claim); 6 (barred because Hodgson is not party to 1991 agreement); 7 (conversion and open book account barred by express agreement); 8 (conversion and open book account fail based on purported contractual entitlement); 9 (conversion fails because Plaintiffs failed to allege specific sum of money); 10 (conversion fails because of no intent); 11 (money had and received fails because agreements define rights); 12 (open book account fails because of express contract); 13 (open book account barred because no money owed on account); 14

(common counts barred because underlying legal claims fail); 15 (no ownership interest in musical compositions); 23 (failure to mitigate); 25 (offset and recoupment).

Delicate's Answer to the FAC asserts the following affirmative defenses (Dkt. No. 63): Affirmative Defense Nos. 1 (failure to state a claim upon which relief can be granted); 2 (implied covenant of good faith and fair dealing is duplicative of breach of contract claim); 3 (conversion and open book account barred by express agreement); 4 (conversion and open book account fail based on purported contractual entitlement); 5 (conversion fails because Plaintiffs failed to allege specific sum of money); 6 (conversion fails because of no intent); 7 (money had and received fails because agreements define rights); 8 (open book account fails because of express contract); 9 (open book account barred because no money owed on account); 10 (did not act willfully, oppressively or maliciously); 11 (no ownership interest in musical compositions); 13 (common counts barred because underlying legal claims fail); 19 (failure to mitigate).

On March 17, 2023, Plaintiffs filed a Motion for Summary Adjudication ("MSA") (Dkt. No. 79). As pertinent to the remaining parties, the MSA sought summary adjudication on: Hodgson's 16th and 27th affirmative defenses and Delicate's 11th, 12th, and 22nd affirmative defenses (collectively, the "Copyright Termination Defenses"); Hodgson's 2nd and 3rd affirmative defenses (collectively, the "Lack of Consideration Defenses"); Hodgson's 19th affirmative defense and Delicate's 15th affirmative defense (collectively, the "Unclean Hands Defenses); and Plaintiffs' claims for breach of contract and for declaratory relief that they are contractually entitled to continuing payment under and according to the terms of a valid and enforceable written contract. (Dkt. Nos. 79 and 127.)

On Aug. 25, 2023, the Court issued its Order granting in part and denying in part the MSA. (Dkt. No. 127.) Specifically, (A) the Court denied the MSA as moot as to Davies, after the parties stipulated to dismissal with prejudice as to the claims against Davies and Davies' cross-claims against Plaintiffs; (B) after Hodgson and Delicate withdrew the Copyright Termination Defenses during litigation over the MSA, the Court denied the MSA as moot as to those defenses; (C) the Court denied the MSA as to Plaintiffs' breach of contract and declaratory relief claims; and (D) the Court granted the MSA as to Defendants' Lack of Consideration and Unclean Hands defenses (subject to fn 7: "This Order should not be read to preclude an affirmative defense of unclean hands as it relates to the 1991 Agreement").

None of Plaintiffs' claims against Hodgson and Delicate has previously been dismissed. Plaintiffs have abandoned their second (breach of the implied covenant of good faith and fair dealing), third (conversion) and fifth (money had and received) causes of action contained in the FAC. Accordingly, the Court hereby dismisses those causes of action.

Defendants plan to pursue the following affirmative defenses as to the remaining causes of action: Hodgson's Affirmative Defense Nos. 1 (failure to state a claim upon which relief can be granted); 4 (mistake of law or fact); 6 (barred because Hodgson is not party to 1991 agreement); 7 (open book account barred by express agreement); 8 (open book account fail based on purported contractual entitlement); 12 (open book account fails because of express contract); 13 (open book account barred because no money owed on account); 15 (no ownership interest in musical compositions); 23 (failure to mitigate); 25 (offset and recoupment); and, Delicate's Affirmative Defense Nos. 1 (failure to state a claim upon which relief can be granted); 3 (open book account barred by express agreement); 4 (open book account

fail based on purported contractual entitlement); 8 (open book account fails because of express contract); 9 (open book account barred because no money owed on account); 11 (no ownership interest in musical compositions); 19 (failure to mitigate). Accordingly, the Court hereby dismisses all other affirmative defenses of Defendants.

## 2. JURISDICTION

Plaintiffs assert that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1367, and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b). (Dkt. No. 120.)

Defendants Hodgson and Delicate maintain that Plaintiffs' claims are purely state law claims that do not arise under the Copyright Act and, as a result, this Court should remand the case to state court for lack of subject matter jurisdiction. (Dkt No. 119, 121.)

## 3. TRIAL DURATION

The Court has set the following limits on trial:

Opening Statements: 15 minutes a side

Trial time: 10 hours a side

Closing Arguments: 30 minutes a side; 10 minutes for Plaintiffs' rebuttal

## 4. JURY TRIAL

The trial is to be a jury trial on Plaintiffs' breach of contract claim. Plaintiffs assert the Court should reserve judgment on Plaintiffs open book accounting and declaratory relief claims, both of which involve equitable remedies. Defendants assert that open book accounting and declaratory relief claims are barred as a matter of law, as set forth in section 7, *infra*.

**5.    ADMITTED FACTS**

See Joint Stipulation of Facts (Dkt. No. 174).

**6.    STIPULATED FACTS**

See Joint Stipulation of Facts (Dkt No. 174). This Stipulation shall be read to the jury before opening statements and entered into evidence as Exhibit 137.

**7.    CLAIMS TO BE PRESENTED AT TRIAL**

**Plaintiffs' Claims:**

(a)    Plaintiffs plan to pursue the following claims against Defendants at trial: Breach of contract; open book accounting; and declaratory relief.

(b)    The elements required to establish Plaintiffs' claims are:

**Breach of Contract:** (1) Plaintiffs and Defendants entered into a contract; (2) Defendants failed to do something that the contract required them to or that Defendants did something that the contract prohibited them from doing; (3) Plaintiffs were harmed; and (4) Defendants' breach of contract was a substantial factor in causing Plaintiffs' harm.

**Open Book Accounting:** (1) Plaintiffs and Defendants had and continue to have financial transactions with each other; (2) Defendants, in the regular course of business, kept and continue to keep an account of the debits and credits involved in the transactions; (3) Defendants owe (and may continue to owe) Plaintiffs money on account; and (4) the amount of money that Defendants owe Plaintiffs.

**Declaratory Relief:** (1) The parties' dispute over the duration of Defendants' payment obligation to Plaintiffs under the parties' contract is a proper subject of declaratory relief; and (2) that dispute is an actual controversy involving justiciable questions relating to the parties' continuing rights and obligations under that contract.

   (c) The Key Evidence Plaintiffs Rely on for Each Claim

**Breach of Contract Claim:** Against Hodgson: The 1977 Agreement and the 1984 Withdrawal Agreement. Against Delicate: The 1977 Agreement, the 1984 Withdrawal Agreement, and the 1991 Agreement. Against both Defendants: Course of conduct and course of performance over the last 45 years, including various other written agreements and documents evidencing an intent that the parties' agreement to split song income subsisted at least as long as the Supertramp Recordings generated song income, as well as industry custom and practice insofar as songwriters sharing song income with their non-songwriting band mates; accounting records of Delicate Music, royalty reporting to Defendants from the sources of song income (UMPG and ASCAP), and expert accounting testimony calculating the amounts owed Plaintiffs, which evidence will cover the period up to and including the end of 2022.

**Open Book Accounting Claim:** Against both Defendants: The accounting records of Delicate Music, royalty reporting to Defendants from the sources of song income (UMPG and ASCAP), and expert accounting testimony calculating the amounts owed Plaintiffs. This evidence will cover the period up to and including the end of 2022. Should Defendants have a continuing obligation to account to and pay Plaintiffs a portion of song income, then Plaintiffs expect there may need to be post-trial proceedings on this subject to bring that accounting and payment current.

**Declaratory Relief Claim:** Declaratory relief against both Defendants: All of the above.

**As to Defendants' Affirmative Defenses**: Defendants' setoff and recoupment claims (Defense 3, below) are barred by the lack of any evidence on the subject proffered before discovery close. Moreover, insofar as some or all of these claimed

setoffs or recoupments fall outside the limitations period, any such amounts are more than offset by amounts due and owing to Plaintiffs for the same period.

**Defendants' Affirmative Defenses:**

(a) Defendants plan to pursue the following affirmative defenses: Hodgson's Affirmative Defense Nos. 1 (failure to state a claim upon which relief can be granted); 4 (mistake of law or fact); 6 (barred because Hodgson is not party to 1991 agreement); 7 (open book account barred by express agreement); 8 (open book account fail based on purported contractual entitlement); 12 (open book account fails because of express contract); 13 (open book account barred because no money owed on account); 15 (no ownership interest in musical compositions); 23 (failure to mitigate); 25 (offset and recoupment); and, Delicate's Affirmative Defense Nos. 1 (failure to state a claim upon which relief can be granted); 3 (open book account barred by express agreement); 4 (open book account fail based on purported contractual entitlement); 8 (open book account fails because of express contract); 9 (open book account barred because no money owed on account); 11 (no ownership interest in musical compositions); 19 (failure to mitigate).

**Defense 1:** Plaintiffs cannot prove an essential element of breach of contract claim based on testimony of parties and agreements themselves. The agreements establish Plaintiffs did not have a right to receive a portion of Hodgson's songwriting revenues in perpetuity. The 1977 agreement [Exh. 8] and 1984 agreement [Exh. 17] have no set duration and, therefore, are terminable at will under California law. Plaintiffs acknowledged they were not entitled to publishing revenues in perpetuity from Hodgson when they secretly entered into the 1991 agreement with Davies [Exh. 20]. Defendant Hodgson had the right to and terminated Plaintiffs' participation in the songwriting revenues after a reasonable period of time.

**Defense 2:** Plaintiffs' other claims – open book account, and declaratory relief – must be dismissed as a matter of law:

(1) **Open Book Accounting**: Under California law, moneys due under an express contract cannot be recovered in an action on an "open book account" in the absence of a contrary agreement between the parties." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1395, fn. 9 (2004). "A book account is 'open' where a balance remains due on the account." *Eloquence Corp. v. Home Consignment Ctr.*, 49 Cal.App.5th 655, 664-65 (2020) (citation omitted.) "An express contract, which defines the duties and liabilities of the parties, whether it be oral or written, is not, as a rule, an open account." *Durkin v. Durkin*, 133 Cal. App. 2d 283, 290 (1955) (citations omitted.) "Sums which become due under an express contract...are not ordinarily treated by the parties as items of an open [book] account." *Id.*; *Hopkins v. Orcutt*, 51 Cal. 537, 538 (1876). "If they are not so considered by the parties, one party cannot...[plead] an open, mutual, current account or book account." *Parker v. Shell Oil Co.*, 29 Cal. 2d 503, 507 (1946). "The foregoing general rule is subject to the exception that an open book account cause of action may lie where the parties had agreed to treat money due under an express contract as items under an open book account." *Eloquence*, at 665; and,

(2) **Declaratory Relief**: This claim is duplicative of Plaintiffs' breach of contract claim. "[W]here determination of a breach of contract claim will resolve any question regarding interpretation of the contract, there is no need for declaratory relief, and dismissal of a companion declaratory relief claim is appropriate." *Reyes v. Nationstar Mtg. LLC*, No. 15-CV-01109-LHK, 2015 U.S. Dist. LEXIS 99201, 2015 WL 4554377, at *7 (N.D. Cal. July 28, 2015) (quoting *StreamCast Networks, Inc. v. IBIS LLC*, No. CV05-04239, 2006 U.S. Dist. LEXIS 97607, 2006 WL 5720345, at *3-

4 (C.D. Cal. May 2, 2006)); see also *Tat Tohumculuk, A.S. v. H.J. Heinz Co.*, No. Civ. 13-0773, 2013 U.S. Dist. LEXIS 162592, 2013 WL 6070483, at *2 (E.D. Cal. Nov. 14, 2013) (dismissing declaratory relief claim as "duplicative" because plaintiff's "remaining contractual claims" adequately addressed the same issues). When a declaratory relief claim involves issues addressed in the other causes of action, such as breach of contract, "declaratory relief [is] unnecessary and superfluous." *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324 (1995). "The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *General of America Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 470 (1968); see also *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008) ("District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses.") (quoting *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006).).

**Defense 3:** In the event Plaintiffs prevail on the breach of contract claim (or any other claims), Defendants are entitled to recoupment and offset for moneys paid to and/or wrongfully received by Plaintiffs.

(b) The elements required to establish Defendant's affirmative defenses are:

**Defense 1:** Under California contract law, when there is no set duration for a contract, courts generally look to the intent of the parties to see if the parties intended a specific term, or instead whether a reasonable term should be implied, after which the agreement is deemed terminable at will. *Consolidated Theatres, Inc. v. Theatrical*

*Stage Emp. Union, Local 16*, 69 Cal. 2d 713, 727-28 (1968); see also, *RMR Equipment Rental, Inc. v. Residential Fund 1347, LLC*, 65 Cal.App.5th 383, 393 (2021). The Ninth Circuit has confirmed that "[u]nder California contract law, agreements of non-specified duration are terminable at the will of either party." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 585 (9th Cir. 1993). See also, *Selznick v. Turner Entertainment Co.*, 990 F. Supp. 1180, 1184-85 (C.D. Cal. 1997).

**Defense 2:** The Plaintiffs' non-contract claims are barred as a matter of law.

**Defense 3:** In the event Plaintiffs prevail on the breach of contract claim (or any other claims), Defendants will demonstrate that Plaintiffs were paid all writers' share of ASCAP moneys they are entitled to receive (directly from Davies and/or Delicate), and also received other payments from Hodgson, and also improperly collected a portion of Hodgson's SoundExchange moneys.

**8. REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

Whether Plaintiffs are entitled to receive a portion of Hodgson's songwriting income in perpetuity or for as long as the Supertramp Recordings continued to produce song income, or whether that right was terminable at will after a reasonable time.

The jury must determine how much, if anything, is owed Plaintiffs by Hodgson and Delicate less any applicable setoffs.

**9. DISCOVERY**

All discovery is complete.

**10. DISCLOSURES AND EXHIBIT LIST**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed as required by L.R. 16-6.1 ("Joint Exhibit List"). (Dkt. No. 143.) In view of the volume of exhibits marked by each party, the parties have incorporated in the Joint Exhibit List all agreements of counsel regarding admitted exhibits, and all objections, including the grounds therefor.

**11.   WITNESS LISTS**

The parties have filed their respective witness lists. (Dkt. No. 135, 142.) Only the witnesses identified on those lists will be permitted to testify (other than solely for impeachment).

**12.   MOTIONS IN LIMINE**

The parties have filed their respective motions in limine ("MILs").

The Court heard argument on the MILs on Feb. 2, 2024, and has ruled as follows:

Plaintiffs' MIL No. 1 (Dkt. No. 144): DENIED

Plaintiffs' MIL No. 2 (Dkt. No. 145): GRANTED

Plaintiffs' MIL No. 3 (Dkt. No. 146): DENIED as moot as to Topics 1 and 2; DENIED to Topics 3 and 4.

Plaintiffs' MIL No. 4 (Dkt. No. 147): GRANTED

Plaintiffs' MIL No. 5 (Dkt. No. 148): GRANTED

Plaintiffs' MIL No. 6 (Dkt. No. 149): GRANTED in part and DENIED in part. Mr. Hodgson may testify generally that he had conversations with his manager and subsequently signed certain agreements, but may not opine on his intent regarding duration at the time of signing any agreement.

Defendants' MIL No. 1 (Dkt. No. 137): GRANTED in part and DENIED in part. Mr. Jampol may testify generally to the common types of songwriter and non-songwriter arrangements, but may not opine of the duration of such arrangements.

Defendants' MIL No. 2 (Dkt. No. 138): DENIED

Defendants' MIL No. 3 (Dkt. No. 139): DENIED as to Mr. Hodgson's divorce to the extent that the divorce records may be relevant to Mr. Hodgson's knowledge; GRANTED as to Mr. Hodgson's spiritual or religious affiliation; GRANTED as to Mr. Hodgson's other personal information.

Defendants' MIL No. 4 (Dkt. No. 140): GRANTED

## 13. BIFURCATION

None. See ruling on Plaintiffs' MIL No. 1.

## 14. ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

DATED: February 21, 2024

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

Approved as to form and content:

Dated: Feb. 9, 2024          **PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**

By: /s/ David M. Given
　　David M. Given
　　Attorneys for Plaintiffs

Dated: Feb. 9, 2024          **GUTMAN LAW**

By: /s/ Alan S. Gutman
　　Alan S. Gutman
　　Attorneys for Defendants