DAVID M. GIVEN (SBN 142375)
NICHOLAS A. CARLIN (SBN 112532)
ROBERT CARROLL III (SBN 314345)
KYLE P. O'MALLEY (SBN 330184)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone:  415-398-0900
Fax:             415-398-0911
Email:          dmg@phillaw.com
                   nac@phillaw.com
                   rxc@phillaw.com
                   kpo@phillaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS CAMPBELL THOMSON; JOHN ANTHONY HELLIWELL; and ROBERT LAYNE SIEBENBERG<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES ROGER POMFRET HODGSON, a/k/a ROGER HODGSON; DELICATE MUSIC, a California general partnership<br><br>Defendants. | Case No. 2:21-cv-08124-AB<br><br>Hon. André Birotte, Jr.<br>Courtroom: 7B<br><br>**PLAINTIFF'S POCKET BRIEF ON THE COURT'S PROPOSED JURY INSTRUCTION 19** |

In its proposed Jury Instruction 19, the Court states "neither the express language of the contract nor the nature of the contract and the surrounding circumstances prove a basis for implying a termination date for the contract . . ."

The Court has thus taken the determination of the implied duration of the contract away from the jury. This is erroneous for several reasons.

First, where the extrinsic evidence is in conflict, interpretation of the contract should be a question of fact for the jury. See, e.g., *City of Hope National Medical Center v. Genentech, Inc.*, 43 Cal.4th 375 (2008).

Here, the extrinsic evidence is in conflict.

Defendants say it was just because of the short-term lack of income.

Plaintiffs, on the other hand, say the participation shares were agreed to for a number of reasons—both because they were not getting paid much money at the time, but also in recognition of their contributions to the songs themselves, and their hard work over many years in contributing to the success of the band. There was extensive testimony about all this.

Moreover, Defendant Hodgson admitted in his testimony that his expectation in his record contracts with A&M Records was that those royalties would flow for as long as the records sold, despite no express duration for the obligation to pay in those contracts. It can be implied from this that he understood that this agreement would work the same way.

Plaintiffs also had expert testimony from Jampol on the customary reasons why such agreements are entered into.

The jury should be allowed to consider all these factors in deciding whether or not to imply that the duration of the contract should be for as long as the songs continued to generate income, as Plaintiffs contend.

Second, even if the extrinsic evidence were not in conflict, in construing the contract, the Court focused solely on the words of the contract, but it has failed to take into account the nature of the contract as being one for payment of a share of

the stream of income created in part by Plaintiffs' efforts. As set forth in Plaintiff's Rule 50 motion, the most important factor in construing the duration of a contract is the nature of the contract. The Court also seems not to have taken into account any of the surrounding circumstances set forth above.

If the Court does not grant Plaintiffs' Rule 50 motion (which it should), Plaintiffs urge the Court to reconsider and to give Plaintiff's proposed Jury Instruction 34 in place of the current 19.

Respectfully submitted,

DATED: February 27, 2024        **PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**

By: /s/ David M. Given
    David M. Given

Attorneys for Plaintiffs